————o————

No. 6773.

## FRANCIS & PAUL MAESTRI FURNITURE CO. v. MICHEL T. VALLON.

### Syllabus.

Where the petition claims a personal judgment against defendant, but the execution of the judgment is limited

to certain property of the defendant, or *quasi in rem,* there is no merit in the claim that the judgment does not correspond with the prayer of the petition.

Appeal from the Civil District Court, Parish of Orleans, No. 113,718, Div. "B"; Honorable Fred D. King, Judge. Affirmed.

George Montgomery, for plaintiff and appellee.

Prowell & Prowell, for defendant and appellant.

His Honor, JOHN ST. PAUL, rendered the opinion decree of the Court as follows:

Plaintiff sold to defendant certain furniture on which he still owes a balance.

Having gone into bankruptcy, defendant was first granted a discharge, which was subsequently suspended at the instance of the plaintiff and for the express purpose of allowing plaintiff to bring this action.

That is all there is to the defendant's claim of a discharge in bankruptcy; and it is wholly without merit.

Defendant further complains that although the petition claimed a **personal** judgment against him, the trial judge limited the execution of said judgment to the furniture on which plaintiff's lien rested—thus rendering a judgment *quasi in rem;* which he says does not correspond with the prayer.

This also is wholly without merit; if plaintiff was allowed less than he claimed, but no more than he was entitled to (as was in the case here) defendant has no valid grievance.

It is therefore ordered that the judgment appealed from be affirmed.

Opinion and decree, October 23rd, 1916.